In re Appropriation of Easements for Highway and
Slope Purposes.*

(No. 3767—Decided August 10, 1955.)

Mr. C. William O'Neill, attorney general, and Messrs. Henderson, Covington & Covington, for appellant.
Messrs. Johnson & Johnson, for appellees.

Nichols, J.  This is an appeal on questions of law from a judgment of the Common Pleas Court.

In order to complete plans for the improvement of state routes Nos. 46 and 18 where they intersect at Austintown, the Director of Highways filed a resolution of necessity to appropriate certain lands located at the southwest corner of those two highways.

The cause was tried before a jury, a verdict rendered and judgment entered upon that verdict, and it is in respect to such judgment that the appellant, the Director of Highways, now complains.

---

*Motion to certify the record overruled, December 21, 1955.  Appeal dismissed, 164 Ohio St., 402.

The jury awarded $6,200 for the value of appellees' land taken and $48,000 for damages to the residue. The landowners' land has a frontage on the west side of route No. 46 of 180 feet, and a frontage on the south side of route No. 18 of 290.4 feet.

On route No. 46, the director is taking a strip 12 feet in depth the entire length of the 180 feet. On the south side of route No. 18, he is taking a strip 12 feet in depth at the westerly end and widening to a depth of 15 feet where route No. 18 intersects route No. 46. On route No. 46, no curb is installed. On route No. 18, a curb has been constructed, with driveway access in three places.

Route No. 18 is a four-lane highway, 80 feet wide. It has two lanes of travel for eastbound traffic, and two lanes of travel for westbound traffic. A divider has been installed on route No. 18 from the intersection westwardly, the first 100 feet consisting of a concrete medianline 4 feet wide and 6½ inches above the street surface, and it is equipped with an 8-foot concrete walkway for pedestrians at its easterly extremity.

Extending westerly on route No. 18 from the west end of the concrete median strip are mountable divider plates, 12 feet apart on the southerly row and 24 feet apart on the northerly row, forming a median strip 9 feet wide at its widest point and extending approximately to the west line of the landowner's property. Route No. 46 has only the mountable divider plates as a divider for the entire length of the property owners' land.

As to the award of $6,200 for the land taken, there is no serious complaint. As to the damage of $48,000 to the residue, there is serious contention. The landowners' witnesses testified that the median strip, as installed, was a cause of substantial damages to the remaining land. "It was a big cause of the damages." "Because of the median strip, the entire place is blighted." "It is a large factor. Might be 35 per cent of the damage."

The important question in this case is: May the median strip be considered as an element in fixing the amount of damages to the residue?

Before argument, the Director of Highways requested the court to give the following charges, which request the court refused:

"1. I say to you as a matter of law that the construction of a median or divider strip in and as a part of the proposed highway improvement abutting upon the property of the appellants is an item for which appellants may not be awarded compensation or damages.

"2. I say to you, as a matter of law, that you should not include in your verdict any amount whatever by reason of the effect, if any, upon the market value of appellants' premises caused by the construction of the median or divider strip in the proposed highway improvement.

"4. I say to you, as a matter of law, that you should not include in your verdict any amount whatever on account of damages to the gasoline business of the appellants, or any of them, as carried on upon their premises.

"5. You are instructed that the Director of Highways, state of Ohio, has the authority under the law to limit and restrict abutting property owner's right of access so long as such owner has reasonable and convenient access to the highway; and, if you find that the owners in this case have reasonable and convenient access to the highway after the improvement, you shall not allow any sums in your determination or award for restricting their access to the highway.

"6. I say to you, as a matter of law, that the construction of a median strip composed of a row or rows of divider plates in and as a part of the proposed highway improvement abutting upon the property of the appellants is an item for which appellants may not be awarded compensation or damages.

"7. I say to you, as a matter of law, that you should not include in your verdict any amount whatever by reason of the effect, if any, upon the market value of appellants' premises caused by the construction of the median strip composed of a row or rows of divider plates in the proposed highway improvement."

The court, at the request of the Director of Highways, gave the following charge before argument:

"3. I say to you, as a matter of law, that, even though appellants, or any of them, may have made use of a portion of the public highway along with their own property in the conduct of the gasoline business, the loss of this use of the highway by rea-

son of the appropriation can not be considered by you as a part of the compensation or damages due to the appellants."

The court, at the request of the landowners, gave the following charges before argument:

"1. The court instructs you as a matter of law that whether or not the median dividers on route No. 18 and route No. 46 are so constructed as to impede vehicular traffic is for the jury to determine.

"If the jury finds that they are so constructed the following is the law applicable to said finding:

"[Section] 4511.35 [Revised Code] divided roadways. (G. C. 6307-34a):

" 'Whenever any highway has been divided into two roadways by an intervening space, or by a physical barrier, or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway, and no vehicle shall be driven over, across, or within any such dividing space, barrier, or section, except through an opening, crossover, or intersection established by public authority. This section does not prohibit the occupancy of such dividing space, barrier, or section for the purpose of an emergency stop or in compliance with an order of a police officer.'

"2. The court further charges that, the statutes of the state of Ohio further provide for a penalty for a violation of Revised Code 4511.35."

We believe the trial court committed prejudicial error in refusing to give before argument the requested charges of the Director of Highways and in giving the two charges requested by the landowners.

"The owner of land abutting on a highway has no property right in the continuation or maintenance of the flow of traffic past his property, and the diversion of traffic as the result of an improvement in the highway or the construction of an alternate highway is not an impairment of a property right of such owner for which damages may be awarded." *State, ex rel. Merritt.* v. *Linzell, Dir.,* 163 Ohio St., 97, 126 N. E. (2d), 53.

Under the reasoning in that case and the long line of cases cited therein, we believe the trial court erred in permitting any

testimony bearing upon the question of damages from the construction of the concrete divider and the installation of the median plates, and all testimony bearing on traffic laws as applicable to median strips.

The judgment is reversed, and the cause remanded for further consideration.

*Judgment reversed.*

GRIFFITH, J., concurs.
PHILLIPS, P. J., dissents.

PHILLIPS, P. J., dissenting. Since, as stated in the majority opinion and as shown by the record, "there is no serious complaint" "as to the award of $6,200" for 6,142 square feet of land taken, which was estimated by the parties' respective witnesses as worth from 80 cents to one dollar per square foot, the judgment with respect thereto should not be disturbed.

The judgment entered upon the jury's verdict for $48,000 as an award for damages to the residue of the land, of which serious complaint is made, should be modified by a remittitur of all in excess of $40,000, because excessive.

If such remittitur were accepted within the time stated by this court such judgment should be affirmed as modified; otherwise, the judgment entered by the Court of Common Pleas should be reversed on the ground that it is excessive, and the cause should be remanded to the Court of Common Pleas for further proceedings to be had in accordance with law, thus, I believe, doing substantial justice between the parties.

In my opinion no other error prejudicial to the plaintiff intervened, and this notwithstanding the decisions rendered in the cited cases of *State, ex rel. Merritt,* v. *Linzell, Dir.,* 163 Ohio St., 97, 126 N. E. (2d), 53; and *Rothwell* v. *Linzell, Dir.,* 163 Ohio St., 517, 127 N. E. (2d), 524, both of which I readily distinguish from the case under consideration.