In re Appropriation of Easement for Highway Purposes:
Noble, Dir. of Highways, Appellant, *v.*
Webb et al., Appellees.

(No. 685—Decided May 15, 1959.)

*Mr. Mark McElroy,* attorney general, *Mr. William E. Fowler, Jr.,* and *Mr. Dwight E. Walter,* for appellant.

*Mr. Laurence M. Kimble, Mr. Cyrus P. Kahl* and *Mr. Ernest G. Littleton,* for appellees.

COLLIER, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Scioto County, rendered on the verdict of a jury, awarding compensation for land and damages to the residue, in an appropriation proceeding, of certain land taken for highway purposes.

The first error assigned is that the trial court erred by sustaining the motion of the defendants, appellees herein, to strike from the files the motion of the plaintiff, appellant herein, for a new trial.   This motion was sustained by the lower court for the reason that it was filed after the judgment on the verdict had been entered.

On September 11, 1958, the verdict of the jury was returned. On October 6, 1958, the entry of judgment on the verdict was filed.   On October 13, 1958, the Director of Highways filed his motion for a new trial.   Subsequently, and before the motion for a new trial was acted upon by the trial court, the appellees filed a motion to strike from the files the motion for a new trial.   On December 16, 1958, this motion was sustained.   On December 22, 1958, appellant filed his notice of appeal to this court.   Obviously, if the motion for a new trial must have been filed before the judgment entry was filed, it was not filed within proper time.

Section 5519.02, Revised Code, provides for special procedure in a highway appropriation case.   There is no provision in this statute fixing a definite time within which to file a motion for a new trial, but the statute does provide as follows:

"* * * If a new trial is not granted for cause shown, the court shall render judgment in favor of the appellants for the amount of the verdict returned by the jury in their favor. * * *"

Appellees contend that this language of the statute is mandatory and requires a motion for a new trial to be filed and ruled upon by the trial court before the judgment entry is filed.

The question for determination is, since Section 5519.02,

Revised Code, does not provide a definite time within which to file a motion for a new trial in highway appropriation cases, may such motion be filed under Section 2321.19, Revised Code, which authorizes and regulates the filing of motions for a new trial in civil cases generally? Section 2321.19, Revised Code, reads:

"The application for a new trial must be made within ten days after the journal entry of a final order, judgment, or decree has been approved by the trial court in writing and filed with the clerk of the trial court for journalization * * *."

It is true that a special statute regulating special procedure in a certain action must be followed, and conflicting statutes of a general nature have no application in such a proceeding. If it is to be implied that, by the use of the following language in Section 5519.02, Revised Code, "If a new trial is not granted for cause shown, the court shall render judgment," the motion for a new trial must be filed before the judgment entry is filed, the trial court was correct in sustaining the motion to strike the motion for a new trial. This statute, employing this identical language, was enacted more than 23 years ago; and, although it has been amended in other respects, this vague provision regulating the filing of a motion for a new trial has never been changed. It is our understanding that throughout the years the courts of Ohio, in the trial of highway appropriation cases, have applied the general statutory rule (Section 2321.19, Revised Code) fixing the time for filing a motion for a new trial, for the reason that Section 5519.02, Revised Code, does not fix a definite time for filing such motion.

In the light of the language used, that, if a new trial is not granted, the court shall render judgment, it is reasonable to infer that a motion for a new trial must be filed before the judgment is rendered. However, in our opinion, when a special statute regulating a special proceeding is silent on a matter as important as that of fixing a definite time for the filing of a motion for a new trial, the general statutory rule should be applied. We are aided in reaching this conclusion by the reason that there is no inherent right to a new trial except as conferred by some statutory enactment. 39 American Jurisprudence, 39, Section 13. More substantial justice and less confusion is certain to re-

sult in applying the general statute (Section 2321.19, Revised Code) fixing a definite time to file such motion. The vagueness and ambiguity of the provisions of Section 5519.02, Revised Code, could easily result in the denial of the right to file a motion for a new trial. We, therefore, conclude that the motion for a new trial was seasonably filed.

In his second assignment of error, appellant contends that the trial court erred by permitting appellees to introduce evidence of unaccepted offers made for the purchase of property other than the property involved in this appropriation proceeding. The testimony complained of was elicited by counsel for appellant on cross-examination of appellees' witness. Such evidence is not admissible to prove value, but when it is injected into the case by the appellant, he has no right to complain. This assignment of error is not well taken.

The same is true as to appellant's third assignment of error and results in the cross-examination of the same witness when the witness was asked to give the identity of the person to whom this offer was made. The trial court rejected this evidence on the false theory that it was privileged communication. Regardless of the reason stated by the trial court, the inquiry made by the appellant was improper and this assignment of error is overruled.

Under the fourth assignment of error, appellant claims the trial court erred by permitting inquiry by appellees on cross-examination of a witness called by appellant as to whether the witness, who was a location and design engineer, would make an order changing the plans of the improvement. Such inquiry was irrelevant to the issues, but, after a careful examination of the entire cross-examination of this witness, we find no prejudicial error.

Under the fifth assignment of error, appellant claims the trial court erred in refusing to give special instructions numbered two, four and eight, requested by the appellant.

Special instruction number 2, which the trial court refused to give, reads:

"You are instructed as a separate proposition of law that the total amount due the landowners for compensation for the land taken and for damages, if any, to the residue is the differ-

ence in the fair market value of the entire property before and after the appropriation.''

In our opinion, this is a correct statement of the law and should have been given to the jury. However, error in refusing to give the charge was cured in submitting a special finding of fact to the jury in conformity thereto. The special finding of fact returned by the jury gives findings on the two items mentioned in the special instruction, to wit, the fair market value of the whole property before the highway improvement and the fair market value of the residue after the highway improvement. This special finding by the jury clearly indicates that the appellant could not have been prejudiced by the court's failure to give this special instruction.

Special instruction number 4, which was not given, reads:

''You are instructed that the Director of Highways, state of Ohio, has the authority under the law to limit and restrict abutting property owner's right of access so long as such owner has reasonable and convenient access to the highway, and if you find that the owner in this case has reasonable and convenient access to the highway after the improvement, you shall not allow any sums in your determination or award for restricting their access to the highway.''

Appellant cites *In re Appropriation of Easements,* 101 Ohio App., 1, 137 N. E. (2d), 595, to support this charge. That case is easily distinguished on the facts. In the case cited, the flow of traffic along the abutting property was divided into two roadways by the construction of a concrete divider and the construction of median plates. The Court of Appeals on the authority of *State, ex rel. Merritt,* v. *Linzell, Dir.,* 163 Ohio St., 97, 126 N. E. (2d), 53, held that the abutting owner on a highway has no right in the continuation and maintenance of the flow of traffic past his property. In the instant case, the property fronts approximately 250 feet on Gallia Street in the city of Portsmouth, Ohio, also U. S. Route 52. The property consists of several acres on which are located three separate places of business. Before the improvement, the land and the street were on the same level with easy access to the property on most of the front. The state is taking a strip off the front 34 feet wide on the east end and 11 feet wide on the west end and lowering the street

level 15 inches and constructing a concrete curb along the entire frontage. After the improvement, the only access to the property from Gallia Street will be a sixteen-foot entrance located near the center of the frontage. The only other access is from a 16-foot alley on the east side of the property. As we view the evidence, an entirely different situation is presented in the present case than was before the court in the case cited. Certainly, in determining the damages to the residue, the jury could consider the situation in regard to the frontage of the property after the improvement. This has no relation to the flow of traffic past the owner's property. The trial court correctly refused to give charge number 4, as requested by appellant.

Charge number 8, requested by appellant, reads:

"You are instructed that, as a matter of law, offers to buy or sell are not competent evidence in a proceeding for the appropriation of real property, to prove fair market value and you are instructed to disregard all testimony of witnesses in this case as to offers to buy or to sell real property given in support of any opinion as to the fair market value of the Webb property."

This charge states the law correctly and under proper circumstances should be given, but the only testimony in the record showing offers to buy or sell other property was elicited on cross-examination by the appellant and was not adduced by the appellees. The appellant may not predicate error on that for which he is responsible.

After a careful examination of the entire record, we find no error prejudicial to the rights of the appellant and, therefore, the judgment is affirmed.

*Judgment affirmed.*

GILLEN, P. J., and RADCLIFF, J., concur.