Argued February 9, reversed and remanded February 15, 1961

STATE HIGHWAY COMMISSION *v.*
RALSTON ET UX
359 P. 2d 529

*J. Robert Patterson,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, L. I. Lindas, Assistant Attorney General and Chief Counsel for Oregon State Highway Commission, and Charles Peterson, Assistant Attorney General, Salem.

*William C. Ralston,* Portland, argued the cause for respondents. With him on the brief was William C. Poole, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

PER CURIAM.

The highway commission appeals from a judgment in an action to condemn right of way for highway widening in connection with the overhead crossing at the junction of Slavin Road (Bertha-Beaverton Road) and Barbur Boulevard in Multnomah County.

■ Error is assigned to the giving of an instruction which permitted the jury to consider loss of access to the landowner's property in the determination of damages. The landowner had no access to Barbur Boulevard before it was widened and none thereafter. He attempts to justify the giving of the challenged instruction by arguing that even though he had no access to Barbur Boulevard before the improvement, the value of his property was diminished by the change in traffic flow on Slavin Road which admittedly resulted from the elimination of a nearby grade crossing and the construction of an overhead-freeway crossing.

■ It is too well settled for argument that a property owner may not recover damages where the sovereign, in exercise of the police power, reroutes, increases, or decreases the flow of traffic on a public highway. Public regulation is not a taking. *State Highway Com. v. Burk et al,* 200 Or 211, 230, 265 P2d 783, and authorities therein cited.

There are other assignments of error, but the challenged rulings are not likely to occur upon another trial, and need not be considered.

Reversed and remanded.