THE STATE OF MONTANA, ACTING BY AND THROUGH THE
STATE HIGHWAY COMMISSION OF THE STATE OF MON-
TANA, PLAINTIFF AND APPELLANT, *v.* GEORGE T. AND LOIS
J. McGAFFICK, DEFENDANTS AND RESPONDENTS.

No. 10467.
Submitted March 24, 1964. Decided July 15, 1964.
Rehearing denied August 13, 1964.
394 P.2d 174.

Forrest H. Anderson, Attorney General, Helena, Donald Mc-Pherson, Esq., Helena, Montana, Clayton Herron (argued orally), Helena, Montana, Robert Tucker, Helena, Montana, for appellants.

Loble & Picotte, Gene A. Picotte (argued orally) Helena, Montana, John W. Bonner (argued orally), Helena, Montana, Jerome Anderson (argued orally), Billings, Montana, for respondents.

HONORABLE LeROY McKINNON, District Judge, sitting in place of Mr. Justice John C. Harrison, delivered the Opinion of the Court.

The appellant brought an action in eminent domain to take for highway purposes, a triangular tract of land, containing

approximately 340.1 square feet, said tract being part of a larger tract located at the intersection of Main Street and Lyndale Avenue, in the City of Helena, Montana. The tract was owned by George T. and Lois J. McGaffick, with a mortgage to the Husky Oil Company and an option to purchase in Husky Oil Company, and a lease to Lawrence T. Kain, Walter H. Lyons and Donald J. O'Neil, and a mortgage to the Shoshone First National Bank of Cody, Wyoming. Lawrence T. Kain, Husky Oil Company and Shoshone First National Bank of Cody, Wyoming, disclaimed any interest in the award. The appellant appealed from the award of Commissioners, and the respondents cross appealed. This appeal followed the trial in the district court.

The appellant's thirty-eight specifications of error raise the following points:

1. Error in admitting testimony as to loss of business, and speculative loss of business.

2. Errors in giving and refusing instructions.

3. Error in admitting testimony concerning the lease and option therein.

4. Error in limiting cross-examination unduly.

5. Error in permitting improper rebuttal.

6. Error in admitting testimony beyond the scope of the qualifications of the witness.

7. Error in denying the motion for new trial.

None of the points raised posed any new question of law, nor any question that has not previously been dealt with by this court.

In the instant case, in addition to the taking referred to, a median strip or divider was to be constructed in the middle of Lyndale Avenue opposite the tract of land in question. The property in question was used as a truck stop automobile service station, and there is no dispute that the highest and best use to which it could be put was for that purpose. Its value then depended upon suitability for sale of petroleum products.

In the recent case of State Highway Comm. v. Peterson, 134 Mont. 52, 328 P.2d 617, this court held that evidence as to loss of business by the re-routing of the highway was not admissible. The same case holds that evidence as to revenue produced from property taken is admissible for the purpose of arriving at market value of property, for such is a circumstance, but not a conclusive circumstance, to be shown on issue of value.

The placing of the median strip or divider referred to, could result in a re-routing of traffic, loss from which would not be compensable. However, in this case, there is no evidence of any loss from such re-routing, and it therefore does not become an issue in this case. The evidence offered was to the effect that the taking prevented large trucks from maneuvering in and out of the station with any convenience, and resulted in the loss of that business, and thus reduced the value of the remaining property. The witnesses of whom complaint is made qualified as experts, and justified as persons having some peculiar means of forming an intelligent and correct judgment as to value of property beyond what is presumed to be possessed by men generally, and as knowing the property in question, and the uses to which it might be put.

On cross-examination the witness Anderson stated that his testimony as to future earnings was speculative. This is at best a legal conclusion. His testimony fell within the requirements for admissibility, and it was not error to receive it, even though he could be led to say it was speculative.

The first point raised by the specifications is without merit.

On the second point raised by the specifications, some argument is based on the fact that the court gave some instructions which had been offered and withdrawn. This is totally without merit as a basis of objection. The trial court has the duty to correctly instruct the jury as to the law of the case. No party can preclude the giving of any certain instruction by offering and then withdrawing it.

80

■■  Appellant's offered Instruction 27 concerns loss of business by reason of diversion of traffic, and as pointed out above, this was not in issue, therefore the refusal of said instruction was proper. Error is urged for refusal to give appellant's offered Instruction 9. The court gave Instruction 11, reading:

"You are instructed that evidence relative to revenue produced from the property here involved may be considered by you for the purpose only of arriving at the fair market value of the property. Income from the property may be an important factor in arriving at fair market value. In all cases where a seller is ready and willing to sell and a purchaser is ready and willing to buy, and involving sales of garages, service stations, stores and the like, a purchaser naturally wants to know something about gross income, gross expenses and net profits before buying. Therefore, in a condemnation proceeding such as this, such evidence may be considered by you for the purpose of arriving at the fair market value, for such is a circumstance, but not a conclusive circumstance, to be shown on the issue of value."

In our view this instruction covered the situation existing here and the refusal of the offered instruction was not error.

Argument is made that damages resulting from the exercise of the police power are not compensable, and the following cases are offered as authority: Holman v. State, 97 Cal.App. 2d 237, 217 P.2d 448, concerns the building of a dividing strip in a state highway, and involves no taking.

People v. Sayig, 101 Cal.App.2d 890, 226 P.2d 702, held that the property in question had been dedicated to the public, and involved no taking, and that no damages resulted from rerouting traffic. O'Hara v. Los Angeles County Flood Control Dist., 19 Cal.2d 61, 119 P.2d 23, involved claim for damages for flooding land by reason of improved dikes along river, etc., and does not involve a taking. It holds that where there was no allegation that obstructed waters were flowing in a natural

channel, no cause was stated. The reasoning of the dissent, see Archer v. City of Los Angeles, 19 Cal.2d 19, 119 P.2d 1, is, in this writer's opinion, more persuasive than is that of the majority opinion.

State Highway Comm. v. Ralston, 226 Or. 143, 359 P.2d 529, holds that damages cannot be recovered for loss of business due to rerouting traffic. No taking was there involved.

The case of Springville Banking Co., v. Burton, 10 Utah 2d 100, 349 P.2d 157, deals with traffic divider to prevent U turns and left turns, and does not involve a taking.

Walker v. State, 48 Wash.2d 587, 295 P.2d 328, was an action to enjoin the State Highway Commission from installing a concrete center-line curb in portion of primary four-lane state highway, until the Commission followed statutory procedures and fair compensation was paid to plaintiffs, or to recover damages.

Since damages for loss resulting from rerouting traffic is not in issue in this case, the above authorities are not pertinent, and the instructions offered covering the point were properly refused.

■ Complaint is made concerning instructions given and refused dealing with different interests in the property involved. Instruction 30 as follows, was given:

"You are instructed that when there are different interests or estates in the property, as in this case, the proper course is to ascertain the entire compensation as though the property belonged to one person and then apportion this sum among the different parties according to their respective rights. The value of property cannot be enhanced by any distribution of the title or estate among different persons or by any contract arrangements among the owners of different interests. Whatever advantage is secured to one interest must be taken from another, and the sum of all parts cannot exceed the whole."

Under the fact situation here we find that the instructions,

taken as a whole, properly stated the law of the case, and the specifications of error based thereon are without merit.

The next point raised by the specifications is the admission of evidence concerning the lease and the option therein. This point was dealt with in the case of State Highway Comm'n v. Keneally, 142 Mont. 256, 384 P.2d 770, wherein Mr. Chief Justice Harrison said:

"* * * [t]he only value of the defendant's testimony, as we view it, is not to vary the terms of the lease, but to indicate the value of the interest possessed by the defendant." Here too, the parole evidence did not vary the terms of the lease, but merely gave the reason and the custom.

The fourth point raised by specifications is that the appellant was unduly limited in cross examination. We are unable to agree with this. A reading of the transcript leaves the impression that the trial judge was extremely patient in a case which moved with wearying slowness, and that he allowed a wide scope of both examination and cross examination.

The fifth point raised by the specifications is error in permitting improper rebuttal. The rebuttal of which complaint is made concerns a piece of property which a witness for the State had used as a comparable sale property. The attorney for the State, in his objection, said "I don't think you can question his right as to what is comparable by just having another man get on the stand and say it isn't." We would agree with this statement. But first, the court was not questioning his right, it left the evaluation of the testimony to the jury. Secondly the rebuttal witness testified as to dimensions, etc., tending to explain a difference in value between the two properties. This was proper rebuttal, and the weight to be given to the testimony was properly left to the jury.

The next point raised by the specifications is that the witness Palaoro was permitted to testify to facts beyond the scope of his qualifications. The witness qualified as a truck driver of all kinds of trucks including tractor-trailer types. He

testified to having taken part in a demonstration at this particular station, to see whether or not they could get large trucks in and out without driving over the property that is being taken. Then he was asked: "What would you say when this land is taken by the State of Montana, no longer available to McGafficks, what is the effect as far as a truck stop is concerned?" Objection: "I object to that, Your Honor, I don't think the witness is qualified to answer." The objection was denied. We are unable to say that this is beyond the scope of the qualifications of the witness. There was later objection to the witness estimating the percentage of loss of volume by reason of the loss of truck trade, but it would appear that the question here is one of weight rather than admissibility.

Finding no reversible error we hold the district court was correct in denying a new trial.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. ASSOCIATE JUSTICES CASTLES, DOYLE and ADAIR concur.