428 P.2d 450

**CITY OF PHOENIX, a Municipal Corporation, Appellant,**

v.

**F. B. WADE and Oma Wade, husband and wife, Appellees.**

**No. I CA–CIV 336.**

Court of Appeals of Arizona.
June 5, 1967.
Rehearing Denied July 5, 1967.
Petition for Review Dismissed
Sept. 26, 1967.

Merle L. Hanson, City Atty., by Morris Rozar, Asst. City Atty., for appellant.

Christy, Kleinman, Hoyt & Fuller, by William G. Christy and Forrest T. Hoyt, Phoenix, for appellees.

LAWRENCE HOWARD, Superior Court Judge.

This is an appeal by the City of Phoenix from a jury award in a condemnation proceeding. Approximately twenty years prior to the time the eminent domain proceedings commenced, the appellees purchased vacant land located at the southwest corner of the intersection of West Dunlap Avenue and North Seventh Avenue in Phoenix, Arizona. At that time Dunlap Avenue was known as Olive Road and was a narrow, unpaved road which ended at Seventh Avenue. Both Dunlap and Seventh Avenue were dedicated to a width of 66 feet with a 50-foot paved strip down the center of the right-of-way. The appellees constructed a two-story dwelling on the northeast corner of the property in 1947 setting it back about 17 feet from the right-of-way of Dunlap Avenue. A carport was attached to the dwelling and appellees also constructed a detached garage with a workshop built at the side. The width of the workshop and garage was approximately 12.1 feet. Being misinformed as to the exact location of the original right-of-way line of West Dunlap, the appellees built 3.7 feet of this improvement on the dedicated right-of-way of West Dunlap. Prior to the construction of the new highway, the appellees had access to their property all along Dunlap Avenue. The City, in widening Dunlap Avenue and North Seventh Avenue, took an additional 7-foot strip on the north side of the property along Dunlap Avenue and an additional 7 feet along the east side of said property adjacent to North Seventh Avenue. In the "before" situation that part of appellees' property adjacent to North Seventh Avenue was separated from North Seventh Avenue by an open irrigation ditch approximately 7 feet wide. There was no physical means of crossing this ditch by motor vehicle.

In the "after" situation the northeast corner of appellees' property was rounded off, and a triangular piece approximately 10 feet across was taken for road purposes. Three separate lanes for east-bound traffic were then installed on the south half of Dunlap Avenue, the third lane being immediately adjacent to appellees' property. Both West Dunlap and North Seventh Avenues were paved to their full extent and curbs were installed along Dunlap Avenue. "No Parking" signs were erected along North Dunlap Avenue to prevent anyone from parking adjacent to appellees' property. Four traffic signals were installed at the intersection of West Dunlap and North Seventh Avenues. A curb cut was provided on West Dunlap Avenue at the point of the existing driveway into the appellees' covered carport. Double lines were placed down the center of West Dunlap Avenue which prevented traffic going west on Dunlap Avenue from turning left into the subject property. In the after situation the driveway into the carport was just long enough to permit the appellees to turn off West Dunlap and pull their vehicle into the carport. This left appellees with a distance of 10 feet from the new right-of-way line to the entry of their carport. In order for a vehicle in the carport to go from the

carport to West Dunlap it is necessary that the vehicle be backed out into the street. Whereas Dunlap Avenue formerly terminated at North Seventh Avenue, the new construction extended West Dunlap Avenue in an easterly direction across the Grand Canal to North Third Avenue.

The matter was submitted to a jury to determine the value of the land taken and the amount of severance damages, if any, to the remaining portion of appellees' property. The jury returned a verdict in favor of the appellees in the sum of $2,700.00 for the part taken and $5,000.00 for severance damages.

The appellant presents the following questions to the Court:

(1) Whether on the facts of this case it was entitled to have the jury instructed:

"You are further instructed that in your deliberations as to the amount of compensation to be awarded to the defendants, if any, you shall disregard any evidence upon, and shall not consider the following:

"1. The installation of 'no parking' signs and a curb along the South of Dunlap Street at its intersection with 7th Avenue.

"2. The stop light installed on 7th Avenue and Dunlap Street.

"3. The painted double yellow lines which divide Dunlap into lanes for eastbound west-bound traffic.

"4. The increase or decrease of the flow of traffic at the intersection of 7th Avenue and Dunlap Street."

(2) Whether the verdict is excessive and not justified or supported by the evidence.

The appellants offered the instruction on the theory that the acts set forth in the instructions were valid exercises of the police power. Being an exercise of the police power the appellant contends that any diminution in value to the appellees' property attributable to such an exercise is noncompensable. The appellant contends that since the items are noncompensable the jury should have been instructed to disregard them in arriving at its decision.

When the city makes a reasonable and rational exercise of its police power in the control of traffic upon its streets, any damage resulting is noncompensable. Rayburn v. State, 93 Ariz. 54, 378 P.2d 496 (1963); Gear v. City of Phoenix, 93 Ariz. 260, 379 P.2d 972 (1963).

In the proper exercise of its police power in the regulation of traffic, a city, state or county may do to an abutting property owner many things which are noncompensable, such as constructing a traffic island, placing permanent dividing strips which deprive an abutting owner direct access to the opposite side of the highway, painting double lines on the highway, increasing or decreasing the flow of traffic on the street, and installing "No Parking" signs. State v. Rayburn, supra; People ex rel. Department of Public Works v. Ayon, 54 Cal.2d 217, 5 Cal.Rptr. 151, 352 P.2d 519 (1960); State Highway Comm. v. Ralston, 226 Or. 143, 359 P.2d 529 (1961); City of Decatur v. Robinson, 251 Ala. 99, 36 S.2d 673 (1948).

In Gear v. City of Phoenix, supra, the court held that an ordinance regulating curb cuts and sidewalk driveway crossings is a valid exercise of the police power when it is fairly appropriate to its purpose and not destructive of inherent rights. The appellees contend that before the improvements were constructed they could drive off their property at all points directly to West Dunlap Avenue without the necessity of backing up into the street. There was testimony by the landowner that in the before situation they at times would use the driveway and back out into the street, and there were times when they would drive off the property at a point near the corner of the intersection of West Dunlap Avenue and North Seventh Avenue. The only way that landowners can get from their property to the street in the after situation is by backing up out of the carport into the street. State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P.2d 988 (1960), states that either the

*destruction* or *material* impairment of the access easement of an abutting owner is compensable. This landmark Arizona case does not state that the landowner has a right of access to his land at all points in the boundary between it and the highway.

Owners of property abutting a street or highway cannot, without just compensation, be deprived of all access by public authorities. The appellees do not claim that they have been totally deprived of access to West Dunlap Avenue. While access may not be entirely cut off, an owner is not entitled, as against the public, to access to his land at all points between it and the highway. If he has free and convenient access to his property and the improvements on it and his means of ingress and egress are not substantially interfered with by the public, he has no cause for complaint. Iowa State Highway Commission v. Smith, 248 Iowa 869, 82 N.W.2d 755, 73 A.L.R.2d 680 (1957); Belle v. Iowa State Highway Commission, 256 Iowa 43, 126 N.W.2d 311 (1964); State ex rel. Woods v. State Road Commission, 148 W.Va. 555, 136 S.E.2d 314 (1964).

Material impairment of access cannot be fixed by abstract definition. It must be found in each case upon the basis of the factual situation. While certain rules have been set forth in various decisions which have considered the nature and scope of this right, each case must be considered on its own right. The determination of whether such material impairment has been established must be reached as a matter of law. The extent of such impairment must be fixed as a matter of fact. The trial court must rule as a matter of law whether the interference of access constitutes a destruction or material impairment. People v. Ricciardi, 23 Cal.2d 390, 144 P.2d 799 (1943), Breidert v. Southern Pacific Co., 61 Cal.2d 659, 39 Cal.Rptr. 903, 394 P.2d 719 (1964).

The installation of the curbing in this case and the provisions of only one driveway into the residence is to provide for an orderly flow of traffic and prevent vehicles from driving directly from the appellees' property into the traffic which may be waiting at the stop light. Its purpose is to prevent accidents from occurring at the intersection. The elimination of this danger is the legitimate consequence of a city's right and duty to regulate traffic for the benefit of the public's safety and general welfare. The landowners contend that the highest and best use of their property is for residential purposes. It is the opinion of this Court that the ingress and egress provided by the curb cut is sufficient and that the landowners' rights to ingress and egress was not materially impaired or destroyed by requiring the landowners to back out of the carport into the street.

The appellees contend that even if all of the items mentioned in the instruction are not compensable items the State waived a right to have such an instruction because it introduced in evidence photographs and diagrams showing the intersection. Appellees also contend that the State waived any right to such an instruction by having its witnesses describe the improvements constructed by the City. Appellees cite no authority for this proposition and this Court is unable to find any support for appellees' argument. We do not think that the City waived any objections or the right to any instructions by showing the jury the nature of the improvement through exhibits or by testimony of its witnesses.

Appellees argue that even if the right to the instruction was not waived the instruction should not have been given since the trial court consistently sustained the objections of the City to questions of appellees' witnesses concerning the effect of the various items set forth in the instruction upon the value of the land.

The expert witness for the appellees testified that his opinion as to severance damages was based upon the fact that it was inconvenient to back out of the driveway into heavy traffic. When asked on cross-examination to forget about the heavy traffic aspect of his severance damages he stated that he still thought it

was more inconvenient to back up than to drive out. The expert's testimony was thus based upon noncompensable items of damage. At that point the City could have moved to strike the testimony of this expert witness as to severance damages. Blumenstein v. City of Long Beach, 143 Cal.App.2d 264, 299 P.2d 347 (1956), People ex rel. Department of Public Works v. Dunn, 46 Cal.2d 639, 297 P.2d 964 (1956). The appellant for some reason failed to make such a motion. The fact that this testimony was allowed to remain in the case without objection by the appellant does not relieve the court from giving a proper instruction as to damages. It is the duty of the trial court to instruct the jury as to the proper measure of damages. Curry v. Windsor, 22 Ariz. 108, 194 P. 958 (1921), Southwest Cotton v. Ryan, 22 Ariz. 520, 199 P. 124 (1921).

The court gave the following instruction on the issue of severance damages:

"With respect to the issue of severance damages or damages *due to the construction of the public improvements in the manner proposed,* the burden of proof is upon the property owner to prove that the remainder of his property is in fact damaged. He must determine whether it is established that there were such damages in any amount. If your answer to that question is in the negative, the owner is not allowed to recover anything on account of severance damages. But if your answer is in the affirmative you must continue in your deliberations to ascertain what amount will constitute just compensation for such damages under the law as I have defined it to you."

■ The giving of that part of the instruction which is italicized without giving the instruction offered by the appellants gives the jury complete freedom to consider all the items of noncompensable damages which the trial court consistently attempted to keep out of evidence. The above instruction given without the instruction offered by the appellants is confusing and misleading and therefore the giving of the above instruction without giving the appellants' requested instruction constitutes reversible error. Krauth v. Billar, 71 Ariz. 298, 226 P.2d 1012 (1951). See also In Regard to the Appropriation of Easements for Highway, etc., 101 Ohio App. 1, 137 N. E.2d 595 (1955), where the Ohio court held that the trial court committed prejudicial error in refusing to instruct the jury that the construction of a median or divided strip was an item for which the landowner may not be awarded compensation damages and that the jury should not include in its verdict any amount whatsoever by reason of the effect upon the market value of the premises caused by the construction of the median or divided strip.

■ The instruction offered by the appellant and refused by the trial court, although awkwardly drawn, was a correct statement of the law. The trial court should not refuse to give an instruction because it is poorly drawn. Haymes v. Rogers, 70 Ariz. 408, 222 P.2d 789, 17 A.L.R.2d 896 (1950).

Having determined that the failure to give the instruction requested by the State constitutes reversible error, it is not necessary to decide whether or not the verdict was against the weight of the evidence.

The judgment is reversed and remanded for new trial.

CAMERON, C. J., and STEVENS, J., concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter Judge LAWRENCE HOWARD was called to sit in his stead and participate in the determination of this decision.