373 P.2d 368

The STATE of Arizona, ex rel. Charles N. RONAN, County Attorney of Maricopa County, Arizona, Appellant,

v.

The CITY OF PHOENIX, a municipal corporation, Appellee.

No. 7392.

Supreme Court of Arizona, En Banc.

July 6, 1962.

Charles N. Ronan, Maricopa County Atty., by Jack Cavness, and Minne & Sorenson, by George Sorenson, Phoenix, for appellant, State of Arizona.

John R, Franks, then City Atty., Phoenix, Dow Ben Roush and Richard Kamps, Phoenix, for appellee City of Phoenix.

UDALL, Vice Chief Justice.

An action in quo warranto instituted by the State of Arizona, ex rel. Charles N. Ronan, County Attorney of Maricopa County, Arizona, against the City of Phoenix, a municipal corporation, challenging the validity of Ordinance No. G–348 by which the City sought to annex areas generally known as South Phoenix and Maryvale into the corporate limits of the city.

The cause went to trial on plaintiff's amended complaint which alleged the City's failure to comply with A.R.S. § 9–471, in that:

**62**

"The petitions for annexation were signed by the owners of less than one-half in value of the real and personal property as would be subject to taxation by the City of Phoenix, as shown by the last assessment of the property contained in the area sought to be annexed."

The defendant City defended its position by alleging complete compliance with the statute and the issue was thus joined.

Plaintiff offered and there were admitted a number of exhibits designed to show that the total valuation of the annexed area was $36,205,546, whereas signatures on the annexation petitions represented only a valuation of $17,936,542. Five witnesses testified for plaintiff that they copied the figures and information contained on these exhibits from the records of the county assessor. In addition plaintiff submitted other testimony for the purpose of showing the manner in which the City arrived at the valuations used by it in determining the sufficiency of the annexation petitions. The defendant from time to time made continuing objections which were overruled. At the close of plaintiff's case defendant moved as follows:

"And for those reasons, your Honor, we move that the action of the plaintiff be dismissed for the grounds previously stated: That there has been a failure to carry the burden of proof on the part

of the plaintiff; that the whole case in chief of the plaintiff is without probative value, without any credibility, is based on 'opinion evidence'; that those persons who expressed their opinions are not qualified and no proper foundation for qualification has been made; secondly that the Court has heretofore erred in permitting such opinion evidence to be here adduced and that the Court should now strike such evidence from the record for the reasons stated; and, having done so, that the plaintiff has wholly failed to prove its cause of action and the same should be dismissed."

The court granted the motion to strike and thereafter found plaintiff had failed to make out a prima facie case and dismissed the complaint.

On appeal plaintiff presents a single assignment of error reading as follows:

"The court erred in entering its order and judgment dismissing appellant's complaint for the reason *that there was substantial evidence in support thereof.*" (Emphasis ours.)

The effect of the court's ruling on the motion to strike was to remove from the case all of plaintiff's evidence. The judgment thereafter was based on a record devoid of any showing which would support the claims that the annexation petitions were not sufficient. The action of the trial

court in striking plaintiff's evidence is not assigned as error, and under Rule 5(c), subdivision 3, Rules of Supreme Court, 17 A.R.S., must be deemed waived. Armstrong v. Armstrong, 71 Ariz. 275, 226 P.2d 168.

■ Appellant's brief argues the impropriety of the court's action under several propositions of law. It is well settled that argument cannot take the place of proper assignments of error. Tidwell v. Riggs, 70 Ariz. 417, 222 P.2d 795. Even with the assistance of the arguments in the brief it would be speculation on the part of this court to determine which portions of the evidence are the proper subject for consideration. The motion does not specify the precise evidence nor does it point out to which evidence which ground of objection should apply. The court's action in granting the motion to strike is also subject to uncertainty as to the true basis of the action taken.

It is not the province of this court to review the record and supply the deficiencies therein. The sole assignment of error not being supported by the record properly before this court, the judgment is affirmed.

BERNSTEIN, C. J., and STRUCK-MEYER, JENNINGS, and LOCKWOOD, JJ., concur.