378 P.2d 496

**Hazel M. RAYBURN, Appellant,**

**v.**

**STATE of Arizona ex rel. William E. WILLEY, Appellee.**

**No. 7257.**

Supreme Court of Arizona.
In Division.

Jan. 30, 1963.

Rehearing Denied Feb. 26, 1963.

Stephen B. Rayburn and Marshall W. Haislip, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., and Jay Dushoff, Sp. Asst. Atty. Gen., for appellee.

H. Earl Rogge, Jr., City Atty., for City of Tucson, amicus curiae.

T. J. MAHONEY, Superior Court Judge.

This is an appeal from a verdict of the Superior Court of Maricopa County rendered in a condemnation action instituted by the State of Arizona against appellant, Hazel M. Rayburn, and others. Rayburn is the only defendant who appeals from the judgment of the court below.

The action arose out of the construction by the state highway department of a portion of the Black Canyon Freeway in Phoenix, Arizona. The Black Canyon Freeway now occupies the block formerly bounded by Twenty-second and Twenty-third Avenues. Twenty-second Avenue was converted to a one-way access road for northbound traffic and Twenty-third to a one-way access road for southbound traffic. The Rayburn property is located on the northwest corner of Twenty-third Avenue and Buckeye Road, the latter running east and west bordering the property on the south. The property condemned consisted of approximately 546 square feet, encompassing a three foot strip on the south edge along Buckeye Road and a somewhat larger portion of the southeast corner rounding it out. Appellant was awarded $1,000 by the jury as the value of the land taken but nothing as severance damages to the remainder. Severance damages were awarded, however, in the amount of $2,883, divided by the jury $2,383 to the lessee and $500 to the sub-lessee.

Appellant sets forth eight assignments of error which will be discussed in connection with the three broad issues raised by the appeal. The first four assignments, argued under one proposition of law, are to the effect that the trial court erred in not permitting the introduction of certain evidence as to alleged damage resulting from (a) the conversion of Twenty-third Avenue as it abuts appellant's property on the east from a two-way road to a one-way access road; and (b) the construction of a traffic island divider on Buckeye Road preventing eastbound traffic from turning north across Buckeye Road into appellant's property. It is urged that the asserted damage the defendant suffered may properly be considered as "severance damages."

By A.R.S. § 12–1122 it is provided:

"A. The court or jury shall ascertain and assess:

"1. The value of the property sought to be condemned and all improvements thereon pertaining to the realty, and of each and every separate estate or interest therein, and if it consists of different parcels, the value of each parcel and each estate or interest therein separately.

"2. If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff.

"3. How much the portion not sought to be condemned and each estate or interest therein will be benefited

separately, if at all, by construction of the improvement proposed by plaintiff.

\* \* \*

\*   \*   \*   \*   \*   \*

"B. As far as practicable, compensation shall be assessed for each source of damage separately."

■ By paragraph 2 where the property sought to be condemned is part of a larger parcel the damages authorized fall into two categories. First, damages accruing to the portion not sought to be condemned by reason of severance and second, damages by reason of the construction of the proposed improvement. While strictly speaking damages in the second category are not severance damages, they have been lumped in the same paragraph by the legislature, possibly for convenience. However, this fact, that is, that they are to be found in the same paragraph does not change any substantive rule of law as to what damages are compensable. The statute merely recognizes that such damages may exist.

■ While there can be no doubt from the evidence that the alteration in the traffic flow on Twenty-third Avenue and Buckeye Road as they abut the appellant's property adversely affected her from a pecuniary standpoint, it is well established that not all elements of damage resulting from a highway improvement are compensable.

State ex rel. Sullivan v. Carrow, 57 Ariz. 434, 114 P.2d 896. The cases are virtually unanimous in holding that an owner is not entitled to compensation when the traffic flow on an abutting street is converted from two-way traffic to one-way only, Walker v. State, 48 Wash.2d 587, 295 P.2d 328; State v. Peterson, 134 Mont. 52, 328 P.2d 617; People ex rel. Dept. of Public Works v. Ayon, 54 Cal.2d 217, 5 Cal.Rptr. 151, 352 P.2d 519; or when a traffic divider or island is constructed on the abutting street, Holman v. State of California, 97 Cal.App.2d 237, 217 P.2d 448; People v. Sayig, 101 Cal.App.2d 890, 226 P.2d 702; State v. Fox, 53 Wash.2d 216, 332 P.2d 943; Springville Banking Co. v. Burton, 10 Utah 2d 100, 349 P.2d 157; Dept. of Public Works & Bldgs. v. Mabee, 22 Ill.2d 202, 174 N.E.2d 801.

Appellant claims damages for loss of ingress and egress, citing as authority for her position the cases of Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647, and State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P.2d 988. These cases are not in point since here there was no change in grade or direct access to the streets. The only change is in the direction of the traffic flow on the abutting streets and the devices designed to control that flow. State v. Peterson, supra, cited in Thelberg, goes to the crux of this whole matter with this statement approved from other courts:

" ' "The benefits which come and go from the changing currents of travel are not matters in respect to which any individual has any vested right against the judgment of the public authorities." If the public authorities could never change a street or highway without paying all persons along such thoroughfares for their loss of business, the cost would be prohibitive. The highways primarily are for the benefit of the traveling public, and are only incidentally for the benefit of those who are engaged in business along its way. They build up their businesses knowing that new roads may be built that will largely take away the traveling public. This is a risk they must necessarily assume.' "

■ We do not doubt that appellant's property has been reduced in value by the changes which have taken place in the streets. But appellant is seeking to do indirectly what she cannot do directly, namely recover for loss of business. State v. Carrow, supra. The damage is not compensable, resulting as it does from the reasonable exercise of the police power in the control of traffic upon the highways of the state. It was therefore not error to exclude the proffered testimony showing damages by reason of construction of the improvement in the manner proposed by the state.

■ Appellant raises a question as to the admission of certain testimony allegedly placing before the jury for its consideration potential benefits to the remaining property as a result of the highway improvement. Since the admission of such testimony was not assigned as error it will not be considered. Rule 5(c), subdivision 3, Rules of the Supreme Court, 17 A.R.S.; State ex rel. Ronan v. City of Phoenix, 92 Ariz. 61, 373 P.2d 368.

■■ The appellant, in her assignments V and VI, urges that the lower court erred in striking the testimony of one Virgil Vance to the effect that he had sold four acres of land in the immediate vicinity of her land to the State of Arizona some four years before for approximately $87,-000.[1] We cannot say that the court was without justification in concluding that a proper foundation had not been laid for the reception of this testimony. While *evidence of other sales should not be kept from the jury simply because the purchaser has the power to condemn, a proper foundation otherwise must be laid for its admission.* The fact that the sale in question

1. Appellant urges that this sale tended to show the reasonable value of her property. It would appear to us that in fact this testimony would not help appellant's case. The land taken amounted to about ⅛9th of an acre. Since she was awarded $1,000 as its value this is at the rate of $79,000 per acre. Vance was paid $87,-000 for four acres or at the rate of $21,750 per acre.

was made willingly, without coercion, compulsion, or compromise, must be established before the price paid is admissible. State v. McDonald, 88 Ariz. 1, 352 P.2d 343. And see Hannan v. United States, 76 U.S. App.D.C. 118, 131 F.2d 441. Vance's testimony indicates that this sale was the result of compulsion or compromise. He testified regarding the circumstances surrounding the sale:

"Q. And you say that because at no time were you willing to sell that four acres?

"A. I was not willing and have not been willing at any time."

■ The final two assignments of error concern the form of verdict as it was submitted to the jury and the sufficiency of the evidence to sustain that verdict. As to the form of verdict which was submitted to the jury, appellant made no specific objection to it and we will treat it only briefly. The verdict required the jury to assess the damages separately for the property taken and the severance damages, if any, and apportion the damages as found to the parties holding an interest in the property and its improvements. Counsel for the appellant, after the form was read to the jury, asked for, and received, an additional explanation to the jury that any excess over the amount awarded to the leasehold interests would be considered the severance damage of the appellant. Counsel indicated he was satisfied with the additional explanation by the court. The jury then returned a verdict in the form submitted to it, substantially in compliance with A.R.S. § 12–1122, supra, and our construction of the statute in County of Maricopa v. Paysnoe, 83 Ariz. 236, 319 P.2d 995. There was no such fundamental error as to require review without a proper objection having been made in the trial court.

■ The jury found no severance damages accrued to the appellant. The testimony indicates that the jury was not unreasonable in its verdict in this regard. They found, as indicated above, that the total severance damage to the property was $2,883 and apportioned it $2,383 to James Runnion as damages to his leasehold interest in the property and $500 to Wendell P. Fuller for damage to his sub-leasehold interest in the property. There is testimony to the effect that because of the severance involved in this case the lessee and sub-lessee were particularly damaged in approximately the amount found by the jury for they were required to remove certain tanks located partially on the condemned property and partially on the remaining property and to relocate at least one of these tanks. They were further required to relocate certain signs and remove two pumps. There was also evidence which indicated that one of the improvements, a building, none of which were owned by the

**60**

appellant, Rayburn, would have to be moved at the lessee's expense. The evidence from the appraisers as to specific severance damages of the appellant was in sharp conflict, those for the state testifying that there was no damage to the reversionary interest. We will not now disturb the jury's verdict in resolving the conflict thus created. There was, therefore, no abuse of discretion of the lower court in its denial of appellant's motion for new trial.

Judgment affirmed.

STRUCKMEYER and JENNINGS, JJ., concur.