375 F.2d 120
 UNITED STATES of America upon the relation and for the Use
of the TENNESSEE VALLEY AUTHORITY, Plaintiff-Appellee,
v.
An EASEMENT AND RIGHT OF WAY OVER TWO TRACTS OF LAND, Each
150 Feet Wide, One 2,743 Feet Long and the Other
1,565 Feet Long, IN LOGAN COUNTY,
KENTUCKY, Enlow Rogers et ux.,
Defendants-Appellants.
 No. 17046.
 United States Court of Appeals Sixth Circuit.
 March 28, 1967.
 
 J. Granville Clark, Russellville, Ky., for appellants.
 Charles J. McCarthy, Gen. Counsel, Tennessee Valley Authority, Knoxville, Tenn., for appellee, Thomas A. Pedersen, Asst. Gen. Counsel, Tennessee Valley Authority, Knoxville, Tenn., John C. Lovett, Benton, Ky., H. Peter Claussen, Knoxville, Tenn., on the brief.
 Before PHILLIPS, Circuit Judge, CECIL, Senior Circuit Judge, and HOGAN, District Judge.[1]
 PER CURIAM.
 
 
 1
 This appeal presents the question of whether the Tennessee Valley Authority has the constitutional and statutory power to acquire by eminent domain an easement across a farm in Logan County, Kentucky, which is not located along the Tennessee River or any of its tributaries. This easement was condemned for the purpose of constructing a power transmission line from the TVA steam plant at Paradise, Kentucky, to Nashville, Tennessee.
 
 
 2
 On an earlier appeal, this court remanded the case to the district ocurt for the hearing of additional evidence as to whether the transmission line in question and the Paradise steam plant are connected with, auxiliary to, or aid the distribution of electricity generated at any TVA hydro-electric plant. 336 F.2d 76.
 
 
 3
 In a well reasoned opinion, containing detailed findings of fact and conclusions of law, District Judge Mac Swinford answered this question in the affirmative and held that the TVA has the constitutional and statutory authority to build and operate the Paradise Steam Plant and the transmission line involved in this proceeding and to acquire the property described in the complaint and declaration of taking. We affirm for the reasons stated and upon the authorities set forth in the opinion of the district court at 246 F.Supp. 263.
 
 
 4
 Appellants place strong reliance upon the fact that neither Logan County, Kentucky, where the transmission line is located, nor the Paradise steam plant is situated along the Tennessee River or any of its tributaries. It is well settled that the TVA has the authority to condemn rights of way for the transmission of electricity from a point outside the Tennessee Valley into an area where it is empowered to distribute and sell electricity. Rainbow Realty Co. v. Tennessee Valley Authority, 124 F.Supp. 436 (M.D.Tenn.); United States ex rel. Tennessee Valley Authority v. Puryear, 105 F.Supp. 534 (W.D.Ky.).
 
 
 5
 Appellant's brief urges that 'it is time for the courts to * * * overrule the United States Supreme Court decision in Ashwander v. Tennessee Valley Authority, 297 U.S. 288 (56 S.Ct. 466, 80 L.Ed. 688) rehearing denied, 297 U.S. 728 (56 S.Ct. 588, 80 L.Ed. 1011).' This would be the prerogative of the Supreme Court, not of a Court of Appeals.
 
 
 6
 Affirmed.
 
 
 
 [1]
 Honorable Timothy S. Hogan, United States District Judge for the Southern District of Ohio, sitting by designation