512 P.2d 641 (1973)
WESTERN SLOPE GAS COMPANY, a Colorado corporation, Petitioner-Appellee,
v.
LAKE ELDORA CORPORATION, a Colorado corporation, et al., Respondents-Appellants,
Brown Whitaker et al., Respondents.
WESTERN SLOPE GAS COMPANY, a Colorado corporation, Third-Party Plaintiff,
v.
F. H. LINNEMAN, INC., a Colorado corporation, et al., Third-Party Defendants-Appellees.
No. 72-073.
Colorado Court of Appeals, Div. II.
May 22, 1973.
Rehearing Denied June 12, 1973.
*642 Hutchinson, Black, Hill, Buchanan & Cook, James W. Buchanan, Boulder, Lee, Bryans, Kelly & Stansfield, Richard W. Bryans, Denver, for petitioner-appellee.
Holme Roberts & Owen, John L. Kane, Jr., David T. Mitzner, Denver, for respondents-appellants.
Wood, Ris & Hames, F. Michael Ludwig, Denver, for third-party defendants-appellees.
Selected for Official Publication.
SMITH, Judge.
Western Slope Gas Company filed a petition in eminent domain naming as respondents appellants and certain other parties having an interest in property over which a pipeline easement was sought. On August 20, 1969, after an immediate possession hearing and pursuant to an order of the court, petitioner was allowed to enter upon the easement to begin construction of a natural gas pipeline. After construction of the pipeline had been completed, appellants and the other respondents counterclaimed for damages. The asserted damage allegedly suffered as a result of petitioner's negligence, was to certain of respondent's lands not involved in the easement acquisition. The parties stipulated that these claims together with the question of the proper condemnation award would be tried to the court. The parties also agreed to try, in the proceeding, the matter of the proper award for an easement across the Lilly Lode Mining Claim, owned by the Lake Eldora Corporation and located near the ski area. Appellants were allowed to amend their counterclaim to include a claim for an award of damages based upon Western Slope's trespass on lands of appellants other than those involved in the eminent domain proceeding.
The court determined that the value of the easement taken was $2,060. Damages to the residue of the property by reason of the taking was determined to be $10,540. The amount of the benefit to the residue afforded by the pipeline was determined to be $25,000. Respondents were awarded a total of $2,080 on their counterclaims for negligence and trespass. The court offset benefits against damages to the residue and, since the benefits exceeded the damages, gave no award for damages to the residue. Hence, respondents were awarded $2,060 as the value of the property taken and $2,080 on their counterclaims.

I
Appellants argue that where the easement acquired by petitioner permits entry upon the easement at any time for the purpose of inspection, replacement or repair of the pipeline, just compensation for the taking should be the market value of the entire fee. However, appellants retain all surface rights on the area of the easement, subject only to a right of entry by petitioner. The rule followed by the vast majority of courts in condemnation cases concerning pipelines is that the owner will be compensated only to the actual extent of *643 the estate taken. Annot., 38 A.L.R.2d 788. In the present case petitioner did not take fee title to property containing the easement, and the surface land remained unaffected and useful and of substantial value to appellants as a ski slope. The compensation here was properly less than the value for fee simple title to the entire area within which the pipe was located. Wasatch v. Bouwhuis, 82 Utah 573, 26 P.2d 548.
Appellants also cite as error the court's failure to consider, as comparable, sales testified to by Dr. Tell Ertl, part owner of the Lake Eldora Corporation. The rule on this matter is well stated in Department of Highways v. Schulhoff, 167 Colo. 72, 445 P.2d 402:
"Evidence of the price paid for similar property in a voluntary sale is admissible on the question of value of the property condemned, provided the properties sold are similar in locality and character to the property in question and not so far removed in point of time to make a comparison unjust or impossible. Whether the properties are sufficiently similar to be of aid to the jury in fixing the value of the property condemned necessarily rests largely in the sound discretion of the trial court which will not be interfered with unless abused."
The court placed greater weight on the testimony of Mr. William E. Martin, a real estate appraiser, than on the testimony of Dr. Ertl. The court in its findings indicated that both sales relied on by Mr. Martin were sufficiently similar in locality and character and not so far removed in point of time as to justify the comparison. In spite of an error made in referring to the date of the option granted Dr. Ertl, the trial court's findings are amply supported by the evidence, and the court's greater reliance on Mr. Martin's valuation was a matter within the province of the court as finder of fact. Similarly, the court's award to the Lilly Lode Mining Claim was also supported by the evidence.

II
Appellants assert that the proper rule for measuring damages to the residue is the cost of restoring to its original condition the land burdened by the easement. The law appears well settled, however, that the measure of damages to the residue of property after an eminent domain taking is the diminution of the market value by reason of the taking. Mack v. Board of County Commissioners, 152 Colo. 300, 381 P.2d 987. The courts have not generally allowed costs of restoration as the test for determining damages to the remainder occasioned by the taking in condemnation cases. 2A P. Nichols, Eminent Domain § 6.45. Trespass cases cited by appellants involve a different measure of damages upon a totally different theory and are not applicable.

III
Appellant urges that it was improperly compensated for its damages suffered by reason of petitioner's trespass on various portions of the ski area land not involved with the easement. The record discloses no evidence of what damage may have been done by petitioner, Western Slope Gas, and what damage was done by Lake Eldora Corporation itself in the construction of its own water and utility lines. The record contains sufficient evidence from which the trial court determined that Lake Eldora Corporation was a substantial contributor to its own damages. Except for the amounts awarded, appellants failed to establish what damages were the result of petitioner's trespass and negligence. Mustang Reservoir, Canal and Land Co. v. Hissman, 49 Colo. 308, 112 P. 800.

IV
Appellant contends that the court erred in setting off the benefit of having natural *644 gas against the damages occasioned to the remainder as a result of the taking. Appellants argue that the availability of natural gas was a general benefit which may not be used to offset damages to the residue. We agree with this contention.
Benefits, which may be set off against damages, are those which accrue directly to the residue of the tract as a result of the construction of the improvement and which benefit directly and particularly the specific tract from which the easement is taken. General benefits which result to the owner in common with the public and other nearby owners cannot be set off. Denver Joint Stock Land Bank v. Board of County Commissioners, 105 Colo. 366, 98 P.2d 283. The purpose of the gas line was to connect petitioner's eastern division operations with the southern division operations at a point near Frisco, Colorado, in order to assure future gas supply for the southern division. The availability of natural gas to all landowners reasonably adjacent to the pipeline was a benefit which accrued not only to Lake Eldora but to the public of the entire area in general. Any benefit to Lake Eldora because of the availability of natural gas afforded by the pipeline should not have been offset against damages to the residue of the property taken.
The judgment for damages on the counterclaims is affirmed, and the judgment awarding compensation for the value of the land taken is also affirmed. The judgment which denies compensation for damages to the residue occasioned by the taking is reversed; and the cause is remanded with directions to award the full amount previously determined to be the damages to the remainder occasioned by the taking. Such award shall not be reduced or offset by benefits to Lake Eldora ski area accruing from the availability of natural gas.
Judgment affirmed in part, reversed in part and remanded with directions.
DWYER and PIERCE, JJ., concur.