**LA PLATA ELECTRIC ASSOCIATION, INC., a Colorado corporation, Petitioner-Appellant,**

v.

**Louis M. CUMMINS; Leona E. O'Brien; John E. Ranne; Almeda M. Ranne; Earl W. Rounsaville, a/k/a Earl W. Rounsavill; Buckley D. Wagner, a/k/a Buck D. Wagner; Laquita J. Wagner; Bank of Durango; Rickie Lee Londe; and Clyde Demel, as Public Trustee of La Plata County, Colorado, Respondents-Appellees.**

No. 83CA0252.

Colorado Court of Appeals, Div I.

Decided Jan. 3, 1985.

Rehearing Denied Jan. 31, 1985.

Certiorari Granted July 1, 1985.

Maynes, Bradford & Shipps, Sara Duncan, Durango, for petitioner-appellant.

E.B. Hamilton, Jr., Durango, for respondents-appellees.

SMITH, Judge.

In this eminent domain proceeding, La Plata Electric Association, Inc., the condemning authority, appeals from a rule and order assessing $5,000 as damages to the remainder of the condemned property. We affirm.

Petitioner filed a petition in condemnation to obtain a fifty-foot-wide powerline easement, a total taking of .865 acres across the middle of a 19.533 acre parcel owned by respondents, Buckley and Laquita Wagner. The compensation issues were heard by a commission of freeholders which awarded $4,844 as the value of the land taken and $5,000 as damages to the remainder. This appeal followed.

## I.

■ Primary among the several alleged errors, petitioner asserts that it was improper for the commission to consider evidence of aesthetic damage and damage for loss of view, which will result from construction of the power line, as damage to the remainder. In support of this contention, petitioner cites *Troiano v. Colorado Department of Highways*, 170 Colo. 484, 463 P.2d 448 (1969) and *City of Lakewood v. DeRoos*, 631 P.2d 1140 (Colo.App.1981) for the general proposition that loss of view is not compensable in condemnation cases. We conclude that neither case is dispositive of this point and perceive no error in the consideration of the challenged evidence.

*Troiano* was a suit for inverse condemnation by a motel owner who contended that the construction of an elevated highway adjacent to her property constituted a "taking" without just compensation because the structure allegedly diminished the view from the motel and the view of the motel from the highway. The court held that loss of the view was not a compensable taking because the damage, if any, resulting from the construction was general in nature, that is to say, it affected the public in general and was not a special or specific damage to the motel owner's property. There, the rule that damages must be different in kind, not just degree, from those suffered by the general public was applied in precluding an award of compensation. The *DeRoos* case did not relate to unsightliness or loss of view. It did, however, restate the requirement as to the uniqueness of damages and found no special damages because of increased noise and dust resulting from the expanded use of a highway.

The trial court here, in ruling on admissibility, distinguished both of those cases from the present one in that the use to be made of the property taken here specifically and uniquely affects the remainder of respondents' property. The powerline crosses the respondents' property almost in the middle and the unsightliness or loss of view does not affect any other owner or the public in a general way.

The trial court held that evidence as to the adverse affect on the market value of the remainder caused by erection of the powerline was admissible. We agree.

Although Colorado has not formulated a rule specifically relating to power lines, other states have allowed compensation for loss of aesthetic value or view that results in loss of market value to the remainder. *Central Illinois Public Service Co. v. Westervelt*, 67 Ill.2d 207, 10 Ill.Dec. 208, 367 N.E.2d 661, 97 A.L.R.3d 582 (1977), *cert. denied*, 434 U.S. 1070, 98 S.Ct. 1252, 55 L.Ed.2d 772 (1978); *U.S. ex rel. Tennessee Valley Authority v. Easement & Right of Way Over Two Tracts of Land*, 375 F.2d 120 (6th Cir.1967); *Union Electric Co. v. Simpson*, 371 S.W.2d 673 (Mo. App.1963); *Ohio Public Service Co. v. Dehring*, 34 Ohio App. 532, 172 N.E. 448 (1929); *Texas Power & Light Co. v. Trinity Valley Ranch Co.*, 395 S.W.2d 866 (Tex. Civ.App.1965); *Central Louisiana Electric Co. v. Mire*, 140 So.2d 467 (La.App. 1962). We believe this rule is well reasoned and adopt it. This rule is also consistent with the general rule in *Troiano* and *DeRoos* requiring that such damage be special to the condemnee and be supported by evidence of diminution of market value caused by the taking. Accordingly, we find no error in the admission of evidence on this issue.

## II.

Petitioner next contends that evidence regarding interference of the powerlines with radio and television signals was improperly admitted. Respondents, who introduced such testimony through a real estate expert, contend that the presentation of this testimony was harmless because there was no evidence of its effect on market value and because it was therefore not considered by the commission. We agree that, whether or not it would be admissible when related to market value, it was harmless here.

Petitioner objected to the testimony without the presentation of specific instances reflecting market value diminution and the commission agreed. The commission ruled that the witness could testify as to what he personally observed only if it was tied to loss of market value. The witness gave no opinion as to specific effect on market value, and we must therefore presume that, in accordance with its prior ruling, the commission did not consider the evidence in question. *See Prutch v. Ford Motor Co.*, 618 P.2d 657 (Colo.1980).

## III.

Petitioner argues that it was reversible error to admit evidence regarding alleged health hazards associated with powerlines because such evidence is too speculative and, even if such hazards exist, it would not be a special damage to the condemnee but a damage to the public in general. The two specific items of evidence objected to were a survey of public opinion which contained a question relative to the concerns of the public about living near or under powerlines, and an opinion expressed by property owners' real estate expert relative to his experience in specific instances in which buyers were concerned about the health effects of powerlines.

The public opinion evidence was generally rejected by the chairman of the commission and the condemning authority's objection to a question directed to an appraiser concerning whether he had read studies on the subject was likewise sustained. The real estate expert's testimony about his dealings with persons who had been concerned with health hazards in buying other properties was never objected to and was never related to his valuation testimony. We therefore perceive no reversible error arising out of this issue.

## IV.

Petitioner's final contention concerns the sufficiency of the evidence to sustain the

commission's award of damages. We find no error.

In an eminent domain proceeding, a property owner has the burden of proof with regard to establishing the existence of damages and the amount of compensation to which he is entitled. *Troiano v. Colorado Department of Highways, supra.* The measure of damages to the remainder of property taken is the diminution of market value to that remainder by reason of the taking. *Western Slope Gas Co. v. Lake Eldora Corp.*, 32 Colo.App. 293, 512 P.2d 641 (1973). Damage to the remainder includes all damages which are the natural, necessary, and reasonable result of the taking. *Mack v. Board of County Commissioners*, 152 Colo. 300, 381 P.2d 987 (1963).

Having reviewed the record, we conclude that there was sufficient evidence to support the commission's award of damages to the remainder, and thus, that award will not be disturbed. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Judgment affirmed.

PIERCE and TURSI, JJ., concur.