

Decided August 23, 1985

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) ) ) | CIVIL ACTION NO. 84-351 (and companion cases)* |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER EXCLUDING EVIDENCE |
| JOVITA EMILE NABORS, | ) ) | |
| Defendant. | ) ) | |

## THE MOTION

The Commonwealth has filed a motion to exclude all testimony and evidence relating to the Commonwealth's offers to acquire the privately owned land within the Tinian Military Retention Area (MRA) and the exchanges of land and purchases of such private land.

The defendant in her response acknowledges three classes of transactions involved in the motion:

1. Direct acquisition of Tinian MRA land at $2.74 square meter plus interest by the Commonwealth Government from Tinian landowners;

---

*Civil Actions 84-346; 84-347; 84-349; 84-350; 84-354; and 84-355

278

2.   Evidence of value of Saipan and Tinian land exchanged by the Government with Tinian landowners for their Tinian MRA land;

3.   Evidence of subsequent sales by Tinian landowners of the exchange land identified in paragraph 2 above.

The defendant expresses no intention to use evidence of the direct acquisitions of $2.74. Therefore, at issue is whether the 2nd and 3rd classes of evidence can be used at trial.

It is asserted by the defendant that the evidence is to be used by defendant's expert witness as data and therefore "as evidence supporting (the expert's) opinion of value."

DISCUSSION

The thrust of defendant's defense to plaintiff's motion is found in Rules 702 and 703, Com.R.Evid. The former section allows the testimony of experts to be expressed in terms of opinion when it is necessary to determine a fact in issue. There is no dispute that in condemnation cases, such expert testimony is needed and used.

Section 703 provides that the facts or data the expert relies upon "may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."

Thus, the defendant argues, since her expert will testify the data regarding exchanges of land for MRA land is the type reasonably relied upon by experts in the field of land value

appraisal, the evidence should not be excluded. Cited in support of this proposition are several cases but primarily United States v Sims, 514 F.2d 147 (9th Cir. 1975).

■ The court finds Sims and the other authorities cited by the defendant not pertinent to the resolution of the motion. Simply and succinctly put, defendant's authorities support the proposition that an expert can rely on hearsay, or what otherwise could be termed incompetent evidence, for data supporting his opinion.

What is at issue here is whether sales or exchanges by the condemnor with other parties can be used by the expert in forming his opinion as to value.

The great weight of authority is that he can not. Section 703 of the evidence code is of no assistance to the defendant since the courts have essentially prevented experts from relying upon such data.

Plaintiff's motion to exclude is based on several grounds.

■ I. Rule 408, Com.R.Evid. renders inadmissible evidence of compromise negotiations. The policy behind this rule is to favor settlements and avoid litigation.

Such is the case here. As far back as the approval date of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America (Covenant) the potential for condemnation litigation existed for those private landowners in the Tinian Military Retention Area. Sections 802 and 803 of the Covenant provide for the leasing of the land to the United States should the latter exercise its

option. Part I, Paragraph 2 of the Technical Agreement which is part of the Covenant, gave the United States five years to exercise its option, which it did in January of 1983, and this then imposed the obligation upon the Commonwealth Government to acquire the private interests in the MRA. Technical Agreement, Part I, paragraph 3.

A Land Acquisition and Deferred Payment Agreement was signed by the United States and the Commonwealth Government on January 6, 1983 and an amendment thereto was executed in July 1984. The former document set the Commonwealth Government (through the Marianas Public Land Corporation) on a course of attempting to acquire the fee title to all private interests in the MRA either through direct purchase or by exchange of lands. If all private parcels were not acquired through negotiations in 18 months, then the Commonwealth Government was required to "initiate and diligently pursue ... eminent domain ... actions." Land Acquisition Agreement, Article 2(a).

Thus it is absolutely clear that since January of 1983 the exchanges and purchases which the defendant wishes to use as data for her expert were exchanges and purchases accomplished for purposes of compromise and to avoid formal condemnation proceedings.

It is required that priority be given to negotiations and settlements in land acquisition matters in the Commonwealth. 2 CMC 4712.

Indeed, it is clear from the Land Acquisition Agreement, the amendment thereto, and the history of this case and the companion

cases that condemnation actions are filed only as a matter of last resort.

When negotiations are required of the condemning authority, there is all the ·more reason for excluding. evidence of the negotiation at trial on the question of fair value. 5 <u>Nichols on Eminent Domain</u> [3d Ed], §18.17 at 18-400.

II. As further evidence of legislative intent on this matter, the plaintiff cites Public Law 4-13, Section 4 which provides:

> "No offer or counterclaim for the sale, purchase or exchange of land shall be admissible as evidence in any eminent domain action in either the Commonwealth Trial Court or the Federal District Court for the Northern Mariana Islands. Nor shall evidence of money settlements, land exchanges, or land purchases by the government be admissible in such actions."

If nothing else, this statute, which must and does prevail over any evidenciary rule, directs the court to exclude the two classes of evidence which the defendant desires to use. The only rebuttal the defendant can provide to Public Law 4-13 is to refer to an exception in Rule 408, Com.R.Evid. The exception, found in the last sentence of the rule, allows testimony of a compromise when offered for another purpose. The rule limits the exception to other purposes such as proving bias, prejudice of a witness and like matters. The defendant has cited no case (nor has the court found any) which goes to the issue here. Even if such were the case, the statute, Public Law 4-13, would prevail over the court rule. 1 CMC 3403.

In addition to the grounds raised by the plaintiff, which the court finds have merit, there is another compelling reason why the exclusion of the evidence of the exchanges and sales is proper and indeed mandated.

■ The cases universally require that comparable sales or data used for the appraisal of the property being condemnned must be voluntary. A sale made by compulsion does not meet the criteria of the "willing buyer and willing seller." Condemnation or the sale under the threat of condemnation does not provide a "voluntary" sale.

Alaska v Dupont, 439 P.2d 427 (Alaska);

Rayburn v State, 378 P.2d 496 (Ariz.);

West, Slope v Lake Eldora, 512 P.2d 641 (Colo.);

In Re Matter of Condemnation, 548 P.2d 756 (Kan.);

Transwest v Yandal, 367 P.2d 938 (New Mex.);

Okla. Turnpike v Deal, 401 P.2d 508 (Okla.);

City of Portland v Holmes, 376 P.2d 120 (Oreg.);

State v Christensen, 371 P.2d 552 (Utah);

City of Cheyenne v Frangas, 487 P.2d 804 (Wyoming).

Based on the pertinent statutes, court rules and case law, it is concluded that the exchanges of MRA land data the defendant's expert would rely on is clearly inadmissible.

This conclusion is also reached as to any subsequent sales by landowners of exchanged land. If the primary exchange is inadmissible then certainly any subsequent sale is inadmissible.

IT IS ORDERED that any and all testimony or exhibits relating to offers of the Government to acquire Tinian land

within the Military Retention Area and any exchanges of land or purchases of land, or the combination thereof, of such land by the Government pursuant to its obligation to acquire the Tinian private land interests according to the terms of the Covenant, the Technical Agreement, Land Acquisition Agreement and Deferred Payment Agreement and the amendment thereto shall be excluded at trial and is held to be inadmissible.

Dated at Saipan, CM, this 23rd day of August, 1985.

Robert A. Hefner, Chief Judge