760 P.2d 1099

**STATE of Arizona, ex rel., Charles L. MILLER, Director, Department of Transportation, Plaintiff/Appellant/Cross–Appellee,**

v.

**J.R. NORTON COMPANY, an Arizona corporation, Defendant/Appellee/Cross–Appellant.**

No. 2 CA–CV 88–0130.

Court of Appeals of Arizona, Division 2, Department A.

June 7, 1988.

Petition and Cross-Petition to Review Denied Sept. 27, 1988.

Robert K. Corbin, Atty. Gen. by Richard Kamps and Diana P. Stabler, Phoenix, for plaintiff/appellant/cross-appellee.

Beus, Gilbert, Wake & Morrill by Martin A. Aronson and Rick Cecala, Phoenix, for defendant/appellee/cross-appellant.

## OPINION

HATHAWAY, Judge.

The State of Arizona appeals from a jury award of severance damages to the landowner in a condemnation action.

J.R. Norton Company (appellee) is the owner of a parcel of land located at the corner of 24th Street and Culver Street in Phoenix. The parcel is improved with an office building and a parking lot. The state took a portion of the land to allow space for a ramp onto the East Papago Freeway from 24th Street. No portion of the building or parking lot was taken. The parties stipulated to the value of the land taken and that issue is not before us. The jury awarded appellee $87,000 in severance damages. The state's motions for judgment n.o.v. and for a new trial were denied.

The state raises six issues on appeal: (1) the trial court erred in allowing the jury to consider change in access caused by the placement of a median on 24th Street as an element of damages; (2) the court erred in submitting the question of reasonableness of access to the jury rather than ruling on the issue as a matter of law; (3) the court erred in permitting the jury to consider proximity to the roadway and an increase in noise in considering severance damages; (4) the court erred in refusing to give requested instructions on noise and proximity; (5) there was not sufficient evidence to permit the jury to consider the issue of severance damages; (6) the judge who presided at trial should not have been bound by a ruling on a motion previously made by another judge. We agree with appellant's first argument and reverse and remand.

In addition to taking part of appellee's land, the state is installing a median on 24th Street which will prevent northbound traffic on 24th Street from turning left onto the street leading to appellee's parking lot. Also, traffic leaving appellee's property will not be able to turn left onto 24th Street. Appellant argues that it was error for the court to permit the jury to consider the change in access as an element of damages. We agree. Damage to land resulting from the exercise of a state's police power is noncompensable. The placement of a median is a valid exercise of police power. *Rayburn v. State, ex rel. Willey*, 93 Ariz. 54, 378 P.2d 496 (1963), is directly on point. There the state condemned a portion of Rayburn's property during the construction of the Black Canyon Freeway in Phoenix. The state also changed the traffic flow in front of Rayburn's property from two-way to one-way only. The supreme court, in affirming an award of severance damages, stated:

> While there can be no doubt from the evidence that the alteration in the traffic flow on Twenty-third Avenue and Buckeye Road as they abut the appellant's property adversely affected her from a pecuniary standpoint, it is well established that not all elements of damage resulting from a highway improvement are compensable. (citation omitted) The cases are virtually unanimous in holding that an owner is not entitled to compensation when the traffic flow on an abutting street is converted from two-way

traffic to one-way only, (citations omitted) or when a traffic divider or island is constructed on the abutting street, (citations omitted).

93 Ariz. at 57, 378 P.2d at 498.

■ We are not persuaded by appellee's attempt to distinguish *Rayburn*. There, as here, the change in the flow of traffic was incidental to a highway improvement. The regulation of traffic is an exercise of the state's police power, unrelated to the condemnation and noncompensable. It was error to permit the jury to consider the circuity in access. The judgment must be reversed. Because some of the remaining issues will be raised during retrial, we address them now for the sake of judicial economy.

The second argument raised, whether reasonableness of access is a question of law or fact, is moot given our resolution of the issue discussed above.

Appellant next argues that the jury should not have been permitted to consider proximity to the roadway, and the increase in noise in determining severance damages. Appellant argues that traffic noise and proximity to the road are not compensable as they do not constitute separate and distinct elements of severance damages.

■ Appellant cites an annotation entitled *Traffic Noise and Vibration from Highway as Element of Damages in Eminent Domain*, for the proposition that the general rule is that noise and vibration emanating from traffic using the new or remodeled roads do not constitute separate and distinct elements of severance damages. Annot., 51 A.L.R.3d 860, 864 (1973). We believe appellant's argument misses the mark. That same annotation also states that even courts:

... that refuse to allow traffic noise as a distinct and separate element of severance damages nonetheless recognized that traffic noise may be considered a factor affecting the fair market value on the remaining parcel of land, and that, therefore, evidence of traffic noise may be admitted, in a condemnation proceeding, not as a distinct element of damages, but as one of several factors that

an ordinary buyer would consider in determining the value of the remaining property.

Id. at 886. When a portion of a piece of property is taken, the owner can recover both the value of the piece taken and the diminution in the fair market value of the retained portion attributable to the state's action. P.J. Rohan and M.A. Reskin, 7A, Nichol's The Law of Eminent Domain § 12.02[1] (3d ed. 1987). Accordingly, evidence of any factor bearing on the market value of the retained parcel, such as increased noise, proximity to the highway, fumes, etc., is admissible.

Appellant also argues that traffic noise constitutes general damages which affect all property owners in the neighborhood. Appellant maintains that it is not unique and peculiar to the property of appellee and is therefore not compensable. The cases cited by appellant in support of this argument, while accurate statements of the law, are distinguishable from the facts before us. In those cases, because of new construction or improvements to existing roads, the increase in traffic affected all the property owners. In the instant case, however, the impact of the ramp construction is unique to appellee's property. After the condemnation, traffic will pass about 24 feet closer to appellee's building than before. Construction of the ramp will not move the traffic flow closer to any other property. Appellee's property is the only parcel affected. We believe it is for the trier of fact to decide, based on the evidence presented, whether the change in the proximity of traffic to the building has an effect on its market value. The court did not err in admitting such evidence.

■ Appellant next argues that the court erred in refusing to give two of its requested instructions and in not giving an instruction regarding noise and proximity. The test for the sufficiency of jury instructions is whether, taken as a whole, they allow the jury to "gather the proper rules to be applied in arriving at the correct decision." *Kauffman v. Schroeder*, 116 Ariz. 104, 106, 568 P.2d 411, 413 (1977).

Appellant's requested instructions were properly refused as they incorrectly stated that the jury could not consider any increase in noise in determining fair market value. The jury was properly instructed that the measure of damages was the difference between the fair market value before and after the taking.

 At oral argument, appellant argued that there had to be a "substantial" increase in the amount of noise, fumes, etc., in the after-situation before the owner would be entitled to damages. This argument apparently would deny recovery if the taking only resulted in a small reduction in the market value of the property retained by the owner. This argument was not briefed and no authority was given in support of it, nor have we found any. The law in fact is to the contrary. As noted above, the owner can recover for the diminution in the fair market value of the retained portion regardless of the amount.

Appellee presented evidence from two real estate experts familiar with commercial office properties in the Phoenix area, that the realignment of the roadway to build the freeway on-ramp would have an impact on the value of appellee's building. The state did not challenge their qualifications to express an opinion as to the reduced market value of the building. The testimony of both was that the market perception of the proximity of traffic to the building would have an effect on value. While appellant presented evidence to the contrary, we must view the evidence in the light most favorable to the prevailing party. *McFarlin v. Hall,* 127 Ariz. 220, 224, 619 P.2d 729, 733 (1980). There was sufficient evidence, if believed by the jury, to support an award of some damages caused by the relocation of the road.

We need not address appellant's other arguments concerning the sufficiency of the evidence as the evidence presented at retrial may very well be different.

Appellant's final argument concerning the issue of the trial judge being bound by prior rulings of another judge is answered by *State ex rel. Herman v. Hague,* 10 Ariz.App. 404, 408, 459 P.2d 321, 325 (1969). "[T]he ruling of one judge on a motion becomes the rule of the case as to another judge of that same court in the same case ... except when to do so results in a manifestly unjust decision." (citations omitted)

Reversed and remanded for a new trial.

HOWARD, P.J., and LACAGNINA, C.J., concur.