IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, et al., *Plaintiffs/Appellants,*

*v.*

FOOTHILLS RESERVE MASTER OWNERS ASSOCIATION, INC.,
*Defendant/Appellee.*

DIETMAR HANKE, et al., *Intervenors/Appellees.*

No. 1 CA-CV 22-0371
FILED 12-7-2023

Appeal from the Superior Court in Maricopa County
No. CV2017-010359
The Honorable Timothy J. Thomason, Judge (*Retired*)

**REVERSED IN PART AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michelle Burton, Joe Acosta, Jr.
*Counsel for Plaintiffs/Appellants*

Zeitlin & Zeitlin, PC, Phoenix
By Dale S. Zeitlin, Casandra C. Markoff
*Counsel for Defendant/Appellee*

_____

## OPINION

Judge David D. Weinzweig delivered the opinion of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer B. Campbell joined.

_____

**W E I N Z W E I G**, Judge:

**¶1**        Arizona courts and juries must ascertain and award severance damages in condemnation actions when the property to be condemned is part of a larger parcel. We must decide whether 589 homeowners were entitled to "proximity damages," a form of severance damages, when the state condemned their positive and negative easements, but did not condemn their homes. Because an easement is not a parcel of land, the homeowners deserved no severance damages.

**¶2**        The State of Arizona appeals the superior court's entry of partial summary judgment in favor of Foothills Reserve Master Owners Association, Inc. ("HOA"), which represents 589 homeowners in the Foothills Reserve subdivision. We reverse in part and remand for the court to enter a new judgment without severance damages.

## FACTS AND PROCEDURAL BACKGROUND

**¶3**        Nestled at the base of South Mountain, the Foothills Reserve subdivision has 590 single-family homes. When formed in 2001, the subdivision was flanked by South Mountain to the north and two desert parcels to the east and west. The HOA owned both desert parcels as common areas ("Common Areas") for use by all the homeowners.

**¶4**        Each homeowner enjoyed a positive and negative easement over the Common Areas. They acquired a positive easement to use the Common Areas under the Declaration of Covenants, Conditions, Restrictions and Easements for Foothills Reserve ("CCRs"), which recognized that each homeowner had "a nonexclusive easement for the use and enjoyment in and to the Common Areas." The homeowners also held a negative easement (or restrictive covenant) under a recorded plat dedication. The negative easement declared that the Common Areas were to remain "open space" and "owned and maintained by the Foothills Reserve Community Association for landscaping and maintenance purposes." Both easements ran with the land and "passed with the title to every lot."

¶5　　　　　The Arizona Department of Transportation ("ADOT") filed a condemnation action to acquire all the Common Areas in 2017, intending to pave an extension for the South Mountain Freeway. As the owner of the Common Areas, the HOA pressed a takings claim against the State. ADOT and the HOA settled that claim when the State agreed to pay and the HOA agreed to accept the fair market value for the Common Areas.

¶6　　　　　But the settlement agreement did not resolve, and indeed preserved, the homeowners' claims for proximity damages arising from "factors such as noise, pollution, loss of view, and unsightliness as a result of the South Mountain Freeway."

¶7　　　　　And so, the homeowners sought compensation from the State for a complete taking of their positive easements to use the land and negative easements to preserve the open space.[1] The parties cross-moved for summary judgment on whether the homeowners could recover proximity damages stemming from the post-condemnation distance of their homes to the freeway. ADOT "conceded that compensation was due for the value of the easement interests lost, measured by the market value of the home before (with the easement) and after (without the easement)," but argued that the homeowners could not claim proximity damages because they had no possessory interest in the Common Areas.

¶8　　　　　After briefing and oral argument, the superior court found the homeowners were entitled to proximity damages. Later, ADOT and the homeowners entered a stipulated final judgment to resolve all pending issues. That judgment preserved the State's "right to appeal only the Court's legal decision that the 589 Owners are entitled to proximity damages." The judgment identified two possible damage awards depending on the outcome of this appeal. If the 589 homeowners "are not entitled to proximity damages" on appeal, the State is only liable for 6 million dollars, plus statutory interest, to compensate the homeowners for the value of their condemned positive and negative easements. If proximity damages are available, however, the State must pay another 12 million dollars, plus statutory interest.

¶9　　　　　The State timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

---

[1]　　　　Owners of one home chose not to join the class of homeowners and are not parties to this appeal.

## DISCUSSION

¶10      Although eminent domain is embedded in our state and federal constitutions, this appeal turns on an issue of statutory interpretation, which we review de novo. *See State v. Patel*, 251 Ariz. 131, 134, ¶ 10 (2021); *Ariz. Elec. Power Coop. v. DJL 2007 LLC*, 246 Ariz. 534, 538, ¶ 13 (App. 2019). "[T]he best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *See Ariz. Biltmore Hotel Villas Condos. Ass'n v. Conlon Grp. Ariz., LLC*, 249 Ariz. 326, 332, ¶ 25 (App. 2020) (citing *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7 (2007)).

## I.    Eminent Domain.

¶11      Our state and federal constitutions limit the government's exercise of eminent domain. Ariz. Const. art. 2, § 17; U.S. Const. Amend. 5. The Arizona Constitution directs that "[n]o private property shall be taken or damaged for public or private use without just compensation having first been made." Ariz. Const. art. 2.

¶12      At issue here are easements. An easement is a form of "private property . . . subject to be taken for public use." A.R.S. § 12-1113(2); *see also Federoff v. Pioneer Title & Tr. Co. of Ariz.*, 166 Ariz. 383, 387–88 (1990). Thus, an easement cannot be taken, destroyed or substantially impaired without just compensation. *State ex rel. Morrison v. Thelberg*, 87 Ariz. 318, 324 (1960).

¶13      Arizona law has nearly 20 statutes that govern the right of eminent domain. *See* A.R.S. § 12-1111, *et seq*. Section 12-1122(A) describes how to calculate just compensation, which has two components—valuation and severance damages. A.R.S. § 12-1122.

¶14      Under the valuation component, a court or jury must "ascertain and assess" the market "value of the property sought to be condemned and all improvements on the property pertaining to the realty, and of each and every separate estate or interest in the property, and if it consists of different parcels, the value of each parcel and each estate or interest in the parcel separately." A.R.S. § 12-1122(A)(1). Section 12-1122(C) then instructs that "[v]alue shall be determined by ascertaining the most probable price . . . the property would bring if exposed for sale in the open market, with reasonable time allowed in which to find a purchaser, buying with knowledge of all of the uses and purposes to which it was adapted and for which it was capable." A.R.S. § 12-1122(C).

¶15       Under the second component, severance damages are available:

> *If the property sought to be condemned constitutes only a part of a larger parcel*, [a court or jury shall assess] the damages that will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff.

A.R.S. § 12-1122(A)(2) (emphasis added).

¶16       Proximity damages are a form of severance damages that compensate homeowners for the loss in value to their remaining parcel due to its proximity to a newly constructed freeway. *See State ex rel. Miller v. Wells Fargo Bank of Ariz., N.A.*, 194 Ariz. 126, 129–30, ¶¶ 13–18 (App. 1998) (citing *State ex rel. Miller v. J.R. Norton Co.*, 158 Ariz. 50, 52 (App. 1988)).

¶17       In this case, the parties stipulated to the amount of just compensation due under the valuation component, but disagreed on whether homeowners were entitled to proximity damages under the severance damages component.

¶18       The homeowners raise two arguments on appeal. They first argue that their positive and negative easements represented the "property sought to be condemned" and their homes represented the larger parcel. The plain language of the statute defeats that argument.

¶19       By using the words "part of a larger parcel," the statute implies that the "property sought to be condemned" must be a smaller parcel. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 107 (2012) ("The expression of one thing implies the exclusion of others"). And the word "parcel" means a parcel of land. Indeed, related provisions in the eminent domain article clarify that a "parcel" is a "parcel of land." *See* A.R.S. § 12-1144 ("Any number of *parcels of land*, whether owned by the same or different persons and whether contiguous or not, may be included and condemned in one action, if the parcels are to be used for a single public works project.") (emphasis added); A.R.S. § 12-1116(H) (using "parcel of land" and "parcel" interchangeably). We presume a word or phrase "to bear the same meaning throughout a text." Scalia & Gardner, *Reading Law* at 170.

¶20       That interpretation is confirmed by popular dictionaries. "Words are to be understood in their ordinary, everyday meanings." Scalia

& Gardner, *Reading Law* at 69. According to Black's Law Dictionary, a "larger parcel" means "[a] portion of land that is not a complete parcel, but is the greater part of a bigger tract," while a "parcel" is defined as "a continuous tract or plot of land in one possession." *See* Black's Law Dictionary (11th ed. 2019). According to the American Heritage Dictionary, the word "parcel" means "a plot of land, usually a division of a larger area." *See* American Heritage Dictionary (5th ed. 2020).

¶21 Applied here, the homeowners are not entitled to proximity damages because their easements were not parcels of land. A positive easement creates "a nonpossessory right to enter and use land in the possession of another and obligates the possessor not to interfere with the uses authorized by the easement." Restatement (Third) of Property (Servitudes) § 1.2 (2000). A negative easement is a restrictive covenant, which "limits permissible uses of land." Restatement (Third) of Property (Servitudes) § 1.3(3) (2000). Because an easement is not a parcel of land, the homeowners were not entitled to severance damages. *See State ex rel. Ordway v. Buchanan*, 154 Ariz. 159, 164 (1987) ("Severance damages are proper when the *land* condemned is part of a larger parcel") (emphasis added).

¶22 The parties also spar over a unity of interests inquiry, but that argument ignores the statute's plain language. It also ignores Arizona decisional law, which has only applied a unity of interests analysis to determine the relationship between tracts of land. *See Ariz. State Land Dept. v. State ex rel. Herman*, 113 Ariz. 125 (1976) (discussing the unity of interests where privately owned land was condemned); *State ex rel. Morrison v. Jay Six Cattle Co.*, 88 Ariz. 97, 107 (1960) (discussing unitary value of property where tracts of land were condemned); *State ex rel. LaPrade v. Carrow*, 57 Ariz. 429 (1941) (discussing the "larger parcel" principle in an action where tracts of land were taken); *Ordway*, 154 Ariz. at 164–65 (discussing whether condemned land and remaining tract of land constituted one "whole parcel"). Because an easement is not a parcel of land, we need not undertake a unity of interests analysis.

¶23 The homeowners next argue that severance damages are available because their homes were severed from the Common Areas, which represented a "larger parcel" and caused a partial taking. But severance damages are available only if the claimant owns the larger parcel from which a smaller parcel is condemned. *See Wells Fargo Bank*, 194 Ariz. at 129–30, ¶¶ 16–17 (explaining that homeowners cannot obtain severance damages when none of their land is taken). Here, the HOA owned the Common Areas, not the individual homeowners. The homeowners

possessed no title to or ownership interest in the Common Areas. Instead, they owned only two easements—one positive and one negative—giving them a right to use or limit development of the Common Areas. *See* Restatement (Third) of Property (Servitudes) § 1.2 (2000); Restatement (Third) of Property (Servitudes) § 1.3(3) (2000).

## II.     The State and Federal Constitutions.

**¶24**          We emphasize that the legislature may expand, but never constrict, any rights guaranteed under the state constitution. *See State v. Lamberton*, 183 Ariz. 47, 50 (1995) ("[S]tatutes and [court] rules cannot eliminate or narrow rights guaranteed by the state constitution."). But the homeowners have not raised a constitutional challenge to Arizona's eminent domain laws on appeal or before the superior court, and we are reluctant to tackle a question of constitutional dimension without briefing and argument.

## CONCLUSION

**¶25**          We reverse in part and remand for the court to enter a new judgment without severance damages.



AMY M. WOOD • Clerk of the Court
FILED:    AA

7